John J. PALMATIER, Plaintiff

v.

MICHIGAN DEPARTMENT OF STATE POLICE, Michigan Department of Civil Service, Michael D. Robinson, Alan K. Anderson, James Carter, Richard Lowthian, and Harold Raupp, jointly and severally, Defendants.

No. 5:95–CV–168.

United States District Court, W.D. Michigan, Southern Division.

Aug. 15, 1997.

Robert G. Fleming, Williamston, MI, for Plaintiff.

Mark S. Meadows, Asst. Atty. Gen., Lansing, MI, for Defendants.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This action grows out of plaintiff's employment relationship with the Michigan Department of State Police. The second amended complaint asserts two claims. In count I, plaintiff alleges defendants' failure to promote him in 1992 was a breach of contract. In count II, he alleges defendants' failure to promote him in 1995 violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* Now before the Court is defendants' motion for summary judgment.

### I

Plaintiff John J. Palmatier is employed by the Michigan Department of State Police as a polygraph examiner. In 1992 and 1995, he applied for and was denied promotion to Specialist/Lieutenant IV in the polygraph speciality. Plaintiff contends he was the best qualified candidate in both instances and was wrongly passed over in favor of other less qualified candidates.

Named as defendants are plaintiff's immediate employer, the Michigan Department of State Police, and the Michigan Department of Civil Service, the state agency responsible for regulating the conditions of employment in the classified civil service. Individual named defendants are James Carter and Harold Raupp, plaintiff's immediate superiors in the Department of State Police, who allegedly played roles in the appointive process and are sued in their official and individual capacities.[1]

With respect to the 1992 non-promotion, plaintiff contends the Specialist/Lieutenant IV position is within the Michigan classified civil service. As such, he contends, the position qualifications and selection criteria are established by rules of the Michigan Civil Service Commission and guidelines of the Michigan Equal Employment and Business Opportunities Commission. These rules and guidelines are said to have given rise to a reasonable expectation, and therefore an implied contractual promise, that the rules and guidelines would be followed in the selection of candidates to fill such positions. By failing to follow them in 1992, defendants are alleged to have violated their implied contract with plaintiff. Plaintiff asks the Court to order defendants to promote him to the Specialist/Lieutenant IV position, effective January 1993.

Plaintiff alleges defendants' failure to promote him in 1995, despite his superior qualifications, was the product of discriminatory

---

1. Also named in the caption of the second amended complaint are defendants Michael D. Robinson, Alan K. Anderson and Richard Lowthian. The claims originally brought against these three defendants were dismissed without prejudice by order dated August 13, 1996. The second amended complaint filed on October 7, 1996, does not contain any substantive allegations against them. Moreover, the parties' briefing and arguments on the instant motion for summary judgment reflect the mutual understanding that plaintiff makes no continuing claims against Robinson, Anderson and Lowthian.

animus, because of his service in the Michigan Army National Guard. In this USER-RA claim, plaintiff asks the Court to order his promotion, effective the date in 1995 when the position was filled instead by Howard Swabash.

Defendants' motion for summary judgment challenges plaintiff's claims on several fronts. First, they contend the Eleventh Amendment bars prosecution of the breach of contract action against State of Michigan agencies and officials for damages and retroactive injunctive relief in federal court. Second, they assert that even if the Court is found to have jurisdiction over any part of the count I claim, plaintiff has failed to adduce evidence sufficient to create a genuine issue of material fact. Third, defendants challenge the count II USERRA claim on the same two grounds.

## II

Defendants' motion for summary judgment requires the Court to look beyond the pleadings and evaluate the facts to determine whether there is a genuine issue of material fact that warrants a trial. Fed.R.Civ.P. 56(c). See generally *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). That is, the Court must determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Once the moving party identifies elements of a claim or defense which it believes are not supported by evidence, the nonmovant must present affirmative evidence tending to show a genuine dispute of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Id.* at 251, 106 S.Ct. at 2511; *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996). The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356.

The substantive law identifies which facts are "material." Facts are "material" only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993). A complete failure of proof concerning an essential element necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

## III

Inasmuch as this Court's jurisdiction over the state law claim contained in count I is purely supplemental to the exercise of jurisdiction over the federal law claim contained in count II, the Court first addresses defendants' challenges to count II.

Defendants contend this Court lacks jurisdiction to hear the USERRA claim against them. USERRA prohibits discrimination against a person in the terms of employment because of his or her membership in a uniformed service or performance of service in a uniformed service. 38 U.S.C. § 4311(a). The Army National Guard is such a uniformed service. 38 U.S.C. § 4303(16). The rights secured by USERRA are expressly made enforceable against a state as an employer in an appropriate United States district court. 38 U.S.C. § 4323.

Yet, notwithstanding Congress' clear intent to provide a private right of action against the states, as employers, in federal court, defendants contend Congress did not, in USERRA, effectively abrogate the states' Eleventh Amendment immunity. Citing *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), defendants correctly argue the Su-

preme Court has now made it clear that Congress has authority to abrogate the states' immunity only when it legislates pursuant to § 5 of the Fourteenth Amendment. *Id.* at ———– ———, 116 S.Ct. at 1124–28; see also, *Crawford v. Davis,* 109 F.3d 1281, 1283 (8th Cir.1997). USERRA was not enacted pursuant to the Fourteenth Amendment; it was enacted pursuant to the War Powers Clause, Art. I, § 8, cl. 11. *Reopell v. Commonwealth of Massachusetts,* 936 F.2d 12, 16 (1st Cir.1991), *cert. denied,* 502 U.S. 1004, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991) (referring to USERRA's predecessor, the Veterans' Reemployment Rights Act ("VRRA"), 38 U.S.C. § 2021 *et seq.*); *Diaz–Gandia v. Dapena–Thompson,* 90 F.3d 609, 616 (1st Cir.1996) (accord). In *Seminole Tribe,* the court expressly recognized that Congress cannot "under Article I expand the scope of the federal courts' jurisdiction under Article III." 517 U.S. at ———, 116 S.Ct. at 1128.

Applying the lesson of *Seminole Tribe,* it necessarily follows that Congress, acting under Article I, could not effectively abrogate the states' Eleventh Amendment immunity in USERRA. See *Rotman v. Bd. of Trustees of Michigan State University,* W.D. Mich. No. 1:96–CV–988, opinion dated June 20, 1997 (J. Bell) (following *Seminole Tribe* and holding Congress failed to abrogate Eleventh Amendment immunity in the VRRA). This result is admittedly contrary to that reached in *Reopell* and *Diaz–Gandia,* where the First Circuit held Congress had in the VRRA, validly abrogated the states' immunity. Both *Reopell* and *Diaz–Gandia* are based on *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), the case expressly overruled in *Seminole Tribe.* In the wake of *Seminole Tribe,* their continuing vitality is suspect. The Court therefore declines to follow them.

■ The Court having thus determined that the State of Michigan defendants' Eleventh Amendment immunity has not been abrogated by Congress, it is apparent the count II claim against them can be maintained only if the state has waived its immunity and consented to suit. There is no evidence or even argument before the Court suggesting that it has. Accordingly, the count II US-ERRA claim against the Michigan Department of State Police and Michigan Department of Civil Service must be dismissed for lack of jurisdiction.

■ The same result obtains with respect to the USERRA claim against defendants James Carter and Harold Raupp, to the extent they are sued in their official capacities for retroactive injunctive relief and damages. *Doe v. Wigginton,* 21 F.3d 733, 736–37 (6th Cir.1994) (official capacity suit against state official for retroactive relief is deemed to be against state itself and barred by Eleventh Amendment). However, the USERRA claim against them in their official capacities for prospective injunctive relief and in their individual capacities for damages may proceed. *Id.* at 737 (official capacity suit for prospective relief only is not barred by Eleventh Amendment); *Hutsell v. Sayre,* 5 F.3d 996, 1003 (6th Cir.1993), *cert. denied,* 510 U.S. 1119, 114 S.Ct. 1071, 127 L.Ed.2d 389 (1994), (Eleventh Amendment provides state officials with no immunity from individual capacity suit).

## IV

Defendants Carter and Raupp further challenge the USERRA claim, asserting plaintiff has failed to adduce sufficient evidence in support of his claim against them to avoid summary judgment.

■ An employer violates USERRA in denying an employment benefit if an employee's "membership. . . .or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership . . . or obligation for service." 38 U.S.C. § 4311(c)(1). To carry his burden of proving a prima facie case of unlawful discrimination, thereby triggering defendants' duty to show they would have denied him promotion anyway, plaintiff must show, by a preponderance of the evidence, that his membership or participation in the National Guard was a "substantial or motivating factor." *Gummo v. Village of Depew, N.Y.,* 75 F.3d 98, 106 (2nd Cir.1996), *cert. denied,* ——

U.S. ——, 116 S.Ct. 1678, 134 L.Ed.2d 780 (1996).

In support of his claim against defendants Carter and Raupp, plaintiff cites comments made to him by *other* command officers in 1978; a meeting he had with defendant Lowthian in January 1995 in which his absenteeism due to military service was discussed; alleged discrepancies between defendant Raupp's deposition testimony and statements made by him directly to plaintiff; and the fact that the person promoted, Howard Swabash, was objectively less qualified than plaintiff. The Court has carefully considered these items and finds absolutely no evidence or even suggestion that either defendant Carter or defendant Raupp, to the extent they participated in the decision to promote Howard Swabash, was motivated by intent to discriminate against plaintiff because of his membership or service in the National Guard.

Following the hearing on defendants' motion for summary judgment on May 5, 1997, the Court received supplemental filings from the parties. As recently as July 30, 1997, the Court granted plaintiff's motion for leave to submit new evidence in support of his USERRA claim. These materials, too, are devoid of evidence that Carter or Raupp treated plaintiff adversely because of his military involvement. To the contrary, the record demonstrates that Swabash was preferred over plaintiff for promotion to the Specialist/Lieutenant IV position, notwithstanding plaintiff's impressive paper credentials, because of his own positive attributes. Based on consideration of his past work performance and interview results, Swabash was deemed to possess "a superior management philosophy and overall leadership potential" and "superior interpersonal relation skills;" to have displayed "excellent demeanor, maturity and positive attitude;" and to have demonstrated "an eagerness and ability to council [sic], work with and train young officers, and a willingness to extend himself to assist at other work locations." Equal Employment Opportunity Evaluation dated October 17, 1995.

The record is devoid of evidence that plaintiff's military involvement was "a substantial or motivating factor" in the minds of defendants Carter and Raupp as they participated in the decision to promote Swabash rather than plaintiff. Plaintiff has clearly failed to carry his burden of showing by a preponderance of the evidence that defendants Carter and Raupp unlawfully discriminated against him because of his membership and participation in the National Guard. The evidence against the remaining individual defendants amounts to no more than "a mere scintilla" and falls far short of establishing a prima facie case of discrimination. It is clearly insufficient to justify a reasonable jury verdict in plaintiff's favor. Therefore, defendants Carter and Raupp are entitled to summary judgment in their favor on plaintiff's count II USERRA claim.

**V**

The Court having thus concluded that plaintiff's count II USERRA claim may proceed no further against any of the remaining defendants, the basis for federal subject matter jurisdiction is extinguished. Under these circumstances, the Court will, in its discretion, refrain from exercising continuing supplemental jurisdiction over the count I breach of contract claim. See 28 U.S.C. § 1367(c)(3). The count I state law claim will therefore be dismissed without prejudice to plaintiff's right to pursue his remedies in state court.